ACCEPTED
15-25-00005-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
5/28/2025 5:18 PM
CHRISTOPHER A. PRINE
CLERK

No. <u>15-25-00005-CV</u>

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
5/28/2025 5:18:57 PM
CHRISTOPHER A. PRINE
Clerk

# In The
# Fifteenth Court Of Appeals

◆

JOHNNY PARTAIN
*Appellant*

v.

STATE OF TEXAS
*Appellee*

◆

## Appellant's Reply Brief

◆

JOHNNY R. PARTAIN
7020 N 16th Street
McAllen, Texas 78504
956-240-1821

# In The
# Fifteenth Court Of Appeals

◆

JOHNNY PARTAIN
*Appellant*

v.

STATE OF TEXAS
*Appellee*

◆

**Appellant's Reply Brief**

◆

TO THE HONORABLE JUSTICES OF THIS COURT:

COMES NOW JOHNNY PARTAIN, Appellant in the above styled and numbered cause and files his *Appellant's Reply Brief*, and respectfully shows unto the Court the following.

# TABLE OF CONTENTS

Page

INTRODUCTION ················ ii
TABLE OF CONTENTS ················ iii
INDEX OF AUTHORITIES ················ iv
REPLY (ARGUMENT) ················ 1

    Texas Business and Commerce Code section ················ 2
    9.5185 is Irrelevant

    Texas' Complaint is Mootness (Moot) ················ 3

    Declaratory Relief is Inappropriate ················ 5

    Texas Avoids Addressing Constitutional Law ················ 7
    Restraints

    Civil Liberties Do Not Require A Court Order ················ 8

    The Clerk's Record Should Be Stricken ················ 9

    Texas' Arguments are Non-Responsive and ················ 11
    Misunderstand the Constitution

    Solution ················ 14

CERTIFICATE OF COMPLIANCE ················ 14
CERTIFICATE OF SERVICE ················ 15

# INDEX OF AUTHORITIES

CASELAW           Page

Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. ·················· 6
2002)

City of Galveston v. Giles, 902 S.W.2d 167  (We look ·················· 6
to the procedure used to resolve the issue at trial to
determine the standard of review on appeal)

DeVillier v. Texas, 601 U.S. 285 (2024) ·················· 13

In MBM Financial Corp. v. Woodlands Operating Co., ·················· 5
L.P., 292 S.W.3d 660 (Tex. 2009) (when traditional
cause of action offers a complete remedy, declaratory
relief is inappropriate)

Reno v. Flores, 507 U.S. 292, 301-02 (1993) (Fifth and ·················· 3
Fourteenth Amendments' guarantee of "due process of
law" which forbids the government to infringe certain
"fundamental" liberty interests *at all,* no matter what
process is provided, unless the infringement is
narrowly tailored to serve a compelling state interest)

State v. Loe, 692 S.W.3d 215, 250-53 (Tex. 2024) ·················· 3, 12
(Busby, J., concurring) (citing TEX. CONST. ART. I
SEC. 29) (describing when section 29 takes effect and
prohibits certain legislation)

TEXAS CIVIL PRACTICE & REMEDY CODE

TEX. CIV. PRAC. & REM. CODE §37.004 ·················· 6
TEX. CIV. PRAC. & REM. CODE  §37.007 ·················· 6

TEXAS BUSINESS AND COMMERCE CODE

Texas Business and Commerce Code section 9.5185 ·················· 2, 5, 6,
                                                              12

## TEXAS CONSTITUTION

Tx. Const. Art. 1, Sec. 17 ·················· 2, 6, 12

Tx. Const. Art. 1, Sec. 29 ·················· 2, 3, 4, 5, 6, 12

## UNITED STATES CONSTITUTION

Supremacy Clause, Art. VI, Cl. 2, of the US ·················· 1
Constitution

US Const. Amd. 5 ·················· 6, 12

US Const. Amd. 14 ·················· 8

U.S. Const. amend. XIV, § 1 ·················· 2

REPLY

The State of Texas sued Johnny Partain to subvert and undermine his civil liberties protected by the US and Texas Constitutions and by the Supremacy Clause of the US Constitution, which includes federal court opinions, by complaining that Partain violated a lowly UCC lien statute after he collected approximately $340 million from the state. Partain advised the Governor and the Attorney General that he would collect compensation required under the US and Texas constitutions, and he gave the State of Texas every opportunity to conform to the law. It didn't. So it should have been no surprise and required no discovery by the Attorney General that Partain enforced his civil liberties on the recalcitrant state. In fact, it was Partain who informed the State of Texas that he had executed against its property which prompted the states discovery that Partain was fulfilling his rights under the constitution[s]. Its almost pathetic that Texas' only adequate remedy against Partain could be litigating an irrelevant lien statute for an equitable remedy after the debt had been collected - while avoiding what was the debt (apparently an undefined and meaningless word used by the state when it fails to compensate for property used,

1

taken, or destroyed) or a jury.  On the other hand, there's not much

Partain could have done that would have been illegal to enforce a civil

liberty short of violating someone else's civil liberties.  The State of

Texas itself doesn't have civil liberties.


Texas Business and Commerce Code section 9.5185 is Irrelevant

The UCC lien statute is irrelevant because constitutional law,

especially civil liberties, are superior to all statutes, including civil and

criminal. However, the State of Texas avoided all constitutional

arguments with the help of the district judge who failed to lawfully

respond to Partain's plea to the jurisdiction pursuant to his claims of

constitutional duties and protections under Tx. Const. Art. 1, Sec. 17

and 29.  The judge also disallowed a jury.  Government misbehavior

violating due process is a fundamental error not requiring preservation

of error for the appeals court as argued by the State, even assuming a

party had substantive and procedural due process which Partain did

not have.  The Due Process Clause provides that no State shall "deprive

any person of life, liberty, or property, without due process of law." U.S.

Const. Amd. XIV,§ 1.  In addition to guaranteeing fair process, the

2

Court has held that this Clause includes a substantive component that forbids the government from infringing upon "certain 'fundamental' liberty interests at all, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." *Reno v. Flores, 507 U.S. 292, 301-02 (1993).* Texas has no standing to complain that Partain collected compensation against it because Texas had a constitutional obligation to compensate him. It is in the interest of the public that the state conforms to the law and does not shield itself from the constitutions on claims of immunity. Texas had plenty of opportunity to litigate and compensate Partain prior to being forced to compensate him, but Texas claimed immunity to the law. Ironically, Tx. Const. Art. 1, Sec. 29 gives a citizen immunity to the policing powers of the state when exercising a civil liberty. *State v. Loe, 692 S.W.3d 215, 250-53 (Tex. 2024) (Busby, J., concurring) (citing TEX. CONST. ART. I SEC. 29) (describing when section 29 takes effect and prohibits certain legislation).*

Texas' Complaint is Mootness (Moot)

3

Unlawfully appropriating property with the intent to deprive the owner of it is <u>theft</u> in Texas.  A <u>felony</u> of the 1st degree in this case, a wholly adequate remedy at law, if it were applicable.  It is not.  Partain deeded approximately $340 million worth of Texas' real estate and appropriated paying contracts to compensate himself after being deprived of any recourse for civil rights violations and inverse condemnation by the State of Texas as required under the constitution[s].  But Texas didn't sue for or prosecute for theft, fraud, or to recover property, because Texas cant.  Texas can't directly criminalize the exercise of a civil liberty (Tx. Const. Art. 1 Sec. 29) and yet Texas had a duty to compensate Partain even as it avoided its own courts. A jury would have found Texas' gamesmanship, its dirty hands, repugnant and would have never justified the state's escape through equitable relief.  Texas merely sued for a UCC lien violation on a claim that had already been collected which does nothing to recover property or to address its constitutional duties to Partain.  A mootness, allowing a court only to denigrate a patriot and hide the state's malfeasance on the basis of false equity.

4

<u>Declaratory Relief is Inappropriate</u>

What TBCC Sec. 9.5185[1] does is designate an act to be fraudulent, or in this case provide a cause of action for injunctive relief and declaratory opinion. Again illegal in this case under Tx. Const. Art. 1 Sec. 29, since its being used to interfere with Partain's civil liberty for just and adequate compensation. Besides, declaratory relief is inappropriate when a traditional cause of action offers a complete remedy. *In MBM Financial Corp. v. Woodlands Operating Co., L.P., 292 S.W.3d 660 (Tex. 2009).* Texas claims it acquired a declaratory judgment under its TBCC Sec. 9.5185 complaint, through the setting of the temporary restraining order hearing: A TRO hearing does not require a litigant to marshal all his evidence or arguments, or apparently a jury per the district judge. A temporary injunction's

---

[1]Texas has historically paid its debts with real estate, so there's some consistency in Partain's executions. While Partain's efforts might be unusual, he was consistently deprived of recourse and even an open court which is illegal. However, the Texas 89th Legislature is currently amending Texas Business and Commerce Code Sec. 9.5185, the same code Texas is using in this complaint, through Senate Bill 2221 and House Bill 5377 which Partain has seen the legislature do many times before when a citizen uses the law to enforce a right against political rivals. Said amendments will allow Texas to avoid future litigation in cases like ours by only requiring an affidavit by the state to avoid a lien which it will then claim is protected by immunity to suit. The amendment is probably unconstitutional if it becomes relevant to another collections action, but relevance is key. So if the State of Texas has to change the law to protect itself against Partain's collection of the state's debts, did Partain actually violate it in the first place? Of course not. It's not even relevant.

5

purpose is to preserve the status quo of the litigation's subject matter pending a trial on the merits. *Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002).*

But how can a declaratory judgment determine legal relationships when all of the relevant and dominant constitutional legal issues, including jurisdiction and standing, are being avoided?  It cant. CPRC §37.004.  Texas still fails to address jurisidiction and standing pursuant to constitutional restraints in its Appellee's Brief when it has had all the time it needs to do so.  The District Court's declaratory judgment doesn't even begin to address all the issues or remedies pertinant to this case, and as required by the Declaratory Judgment Act. The Court and Texas purposely avoided the constitutional issues which brought their complaint to bar in the first place.  It can't be a proper declaratory judgment.  Moreover, even declaratory orders require a jury as a fact finder - as requested in this case.  CPRC §37.007. A clear abuse of discretion.  *City of Galveston v. Giles, 902 S.W.2d 167  (We look to the procedure used to resolve the issue at trial to determine the standard of review on appeal).*  Further, a district judge has no discretion under Tx. Const. Art. 1 Sec. 29, to annul or attack

6

required compensation under US Const. Amd 5 and Tx. Const. Art. 1, Sec. 17, making the judgment void.

Texas Avoids Addressing Constitutional Law Restraints

The first evidence that Texas lost its argument in its *Appellee's Brief* is the complete avoidance of the constitutional issues raised by Partain, while at the same time clumsily admitting some of the most maligning constitutional basis for the existence of this case in the Appellee's own version of its Statement of Facts at Appellee's Brief, p:4-6. While Texas protests Partain's documented (using public documents) Statement of Facts through it own questionable version of its Statement of Facts, one thing that the Appellee demonstrates in spades is that this is a case based completely on constitutional law and that the parties don't even agree with the facts presented. At least Texas included that Partain had constitutional claims which were completely avoided by the Court and its final judgment. What are the facts that a jury might have adjudge applicable? The District Court's traveling judge declared Partain had no right to a jury, so there was no jury, and yet Texas protests Partain's documented Statement of Facts

which certainly deserves scrutiny by a lawful fact finder. Texas wrote and defrauded the court with its own findings of facts, omitting and excluding relevant controlling laws and facts, washed through the signature of a traveling judge with no time to empanel a jury somewhere in an undisclosed court. Even the district judge knew it was wrong which is why he denied Texas' request for its $5000 fine required under the statute.

Civil Liberties Do Not Require A Court Order

Partain was entitled to compensation pursuant to the US and Texas constitutions, although Texas removed itself from the process by claiming immunity to litigation or complaints in Partain's inverse condemnation complaint against it. Texas used it greatest power, sitting on its hands and doing nothing, attempting to force Partain to do nothing. However, the constitutions do not require judicial review or orders to compensate an individual. Otherwise the constitutions would have stated a judicial remedy was required. It doesn't. Congress has the authority to write a process to compensate victims of the state through the US 14th Amendment or to streamline Texas' own

8

conformance, but it never has. That doesn't mean the right to compensation is annulled. Partain collected his compensation anyways, despite the state's boot on his throat, and then Texas complained that its property had been taken and its lessees harassed – they are actually Partain's lessees since he owns the property.

The Clerk's Record Should Be Stricken

Texas' first argument in it's Appellee's Brief is a technicality created by the court's officer. Not Partain. Texas argues that Partain failed to cite the Reporter's Record. There was no Reporter's Record available according to the Court's Reporter Kasi Chapman. *See also Fifteenth Court Of Appeals Information Sheet By Court Reporter filed by Kasi Chapman in this case on February 12, 2025, stating that [sic] "No record was made in the 126th Court. An order was signed by a visiting judge."* Partain did request a Reporter's Record. *C.R. 261-263.* The Court Reporter represented that a record did not exist, removing the Appellant Court's duty under TRAP 35.3 (c) to ensure that the record was timely filed. The Court Reporter's representation deprived Partain of a Reporter's Record and deprived this Appeals Court of its authority

9

to enforce its production. It was not until after Partain filed his Appellant's Brief that the Appellee discovered that the record was really lost in another court because of the way Travis County courts assign judges. This discovery of a lost record after the appellate rules have run prejudices Partain's appeal: The Clerk's Record should be stricken because of the first court officer's misrepresentations to this Court that it didn't exist, then later that the hearing was purported to be held in a different court that Partain did not appear at and is not documented anywhere, and finally because fraud vitiates everything it touches. Appellee explained in its *Motion For Extension Of Time To File Appellee Brief* filed in this appeals court that although the trial court was listed as the 126th District Court, that due to Travis County's central docket, the case was not heard in the 126th but in the 353rd. This doesn't pass the smell test because Notice of Hearing (C.R. 21-22) specifically named the 126th District Court and Partain went to the 126th District Court on the 7th floor where a minor temporary injunction hearing was held on December 17, 2024. Partain has never stepped foot in the 353rd District Court. Partain can find no reference to a 353rd District Court anywhere in the Clerk's Record or in any documentation

10

he's received in the district case, but there are consistent references to the 126th Court. Then the Appellee introduces the traveling district judge in its brief as Presiding Judge in the 353 District Court to nail down the discrepancy, although Honorable Sherine Thomas has been the actual Presiding Judge of the 353rd District Court since January, 2025, succeeding the Honorable Madeleine Connor in 2024. Thats not gamesmanship, that's just disrespectful and dishonest. This Court should strike the record for being lost and unavailable, depriving the Appellant and this Appeals Court of its existence when we actually needed it to conform to the rules, prejudicing Partain's appeal.

Texas' Arguments are Non-Responsive and Misunderstand the Constitution

Texas' second argument is broad and mostly conclusory with almost no response to the Appellant's Brief. Texas claims that Partain needs a court order to enjoy or exercise a civil liberty, and that Texas' UCC lien complaint gives the state all the authority it needs - despite constitutional restraints to the contrary which Texas does not address. Texas only cites the minor UCC lien statute for its authority. Partain

11

has already addressed Texas' argument in his Appellant's Brief and won't burden the Court by pounding on the sames points, but Texas should really read its own citations before blindly relying on them because their citations actually support Partain's arguments.

Texas cites a new Supreme Court opinion regarding State v. Loe, 692 S.W.3d 215, 250-53 (Tex. 2024) (Busby, J., concurring) (citing TEX. CONST. ART. I SEC. 29) (describing when section 29 takes effect and prohibits certain legislation) which states that "An individual constitutional right checks a broad grant of state power to legislate, not the other way around." "If there is no deprivation of a constitutionally protected interest, then a statute satisfies the Due Course of Law Clause as long as it is rationally related to a legitimate state purpose." The instant complaint that Texas brought against Partain for an alleged fraudulent lien on a debt, that the state created, definitely deprives Partain a constitutionally protected interest to being compensated. At the same time, Texas' complaint under TBCC Sec. 9.5185 serves no legitimate state purpose since evading constitutional

mandates under US Const. Amd. 5 and Tx. Const. Art. 1 Sec. 17, is not a public interest.

Finally, Partain addresses Texas' most egregious misunderstanding of the constitutions when it states that, "Even if the State did take Partain's property, that does not give Partain a constitutional right to commit fraud." The constitution, especially Article 1, is not a limit on Partain, it is a limit on the State of Texas. Certainly the state can legislate and criminalize through statutes, or even constitutional amendments, whatever the citizens and its representatives can handle, but the state cannot criminalize the exercise of a citizens civil liberties under Art. 1. When Texas is given an affirmative duty under the constitutions to provide just and adequate compensation, the state has no authority to immunize itself from liability or to convert the compensation to a meaningless empty debt. Texas Solicitor General Aaron Nielson instructed the US Supreme Court in Devillier that the state owes a debt when it doesn't immediately provide compensation. *DeVillier v. Texas, 601 U.S. 285 (2024), Appelant's App. 5, R.R.p47:2-p48:24.* Funny thing is that this

"debt" isn't even in the constitution, its a construct of the State of Texas. But of course compensation was intended to be made because Texas agreed to the terms of the constitutions, agreed to provide compensation, and provided the tools through the constitutions to include all acts necessary to reach compensation being adequate and just, including a security agreement if necessary, regardless of the impediments the state may throw at it citizens. So what's the problem with Partain collecting his compensation?

Solution

This Appeal's Court could wrestle with interpretations of the constitutions which will certainly set a powerful precedent for other victims of the State of Texas, or this Court could strike the Reporter's Record for being lost pursuant to TRAP 34.6 (f), find the state has no standing to complain and that the district court has no authority to effect Partain's compensation, and then dismiss the case with prejudice. The issue is done and the constitution is honored.

Respectfully Submitted,

_____
JOHNNY R. PARTAIN
7020 N 16th Street
McAllen, Texas 78504
956-240-1821

## CERTIFICATE OF COMPLIANCE

I, Johnny Partain, do hereby certify this *Appellant's Brief* that pursuant to TRAP 9.4 (i) (3), the number of words in this document as provided by the LibreOffice Writer is 3350 words.

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be delivered a true and correct copy of the Appellant's Brief and Appendix on this May 28, 2025, pursuant to the Texas Rules of Appellant Procedure to:

ZACHARY L. RHINES Assistant Attorney General General Litigation Division, Zachary.Rhines@oag.texas.gov and to ALI THORBURN Assistant Attorney General General Litigation Division, Ali.Thorburn@oag.texas.gov.

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 101355251
Filing Code Description: Response
Filing Description: Appellants Reply Brief
Status as of 5/29/2025 7:09 AM CST

Associated Case Party: Johnny Partain

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Johnny Partain | | partain@atlastechnologies.biz | 5/28/2025 5:18:57 PM | SENT |

Associated Case Party: State of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ali Thorburn | | Ali.Thorburn@oag.texas.gov | 5/28/2025 5:18:57 PM | SENT |